**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ICONN SYSTEMS, LLC, and Illinois limited liability company, ) ) ) | |
| Plaintiff, ) ) | Case No. 14-5753 |
| v. ) ) | **JURY TRIAL DEMANDED** |
| MINE SAFETY APPLIANCES COMPANY, ) a Pennsylvania corporation, ) ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff iCONN Systems, LLC ("iCONN") complains of defendant Mine Safety Appliances Company ("MSA") as follows:

**THE PARTIES**

1.  iCONN is an Illinois limited liability company with a principal place of business located at 1110 N. Garfield Street; Lombard, Illinois 60148.

2.  MSA is a Pennsylvania corporation having a principal place of business located at 1000 Cranberry Woods Drive; Cranberry Township, Pennsylvania 16066.

**JURISDICTION AND VENUE**

3.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  MSA has conducted business in this District and has committed acts of infringement in this District. Such acts include inducing infringement and making, having made,

soliciting, advertising (including through its website), offering to sell, selling and/or distributing infringing products, either directly or through intermediaries and agents, within this District. MSA has purposely availed itself of the privilege of conducting business with residents of this District, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought into court in Illinois.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). MSA is subject to personal jurisdiction in this District and has committed acts of infringement in this District.

## MSA'S INFRINGEMENT OF THE PATENT-IN-SUIT

**A.    The Patent-In-Suit**

6. United States Patent No. 8,450,610 ("the '610 patent"), entitled "Cable Connector Assembly," was duly and legally issued by the United States Patent and Trademark Office on May 28, 2013. A copy of the '610 patent is attached hereto as Exhibit A.

7. iCONN owns all right, title and interest in, and has standing to sue for infringement of, the '610 patent.

8. The '610 patent claims, among other things, a cable connector assembly that, by virtue of its design, creates a shield against electromagnetic and radio frequency interference, thereby decreasing the ability of said interference to interrupt, obstruct, or otherwise degrade or limit the effective performance of the circuit completed, in part, by the cable.

**B.    Infringement of the Patent-in-Suit**

9. MSA assembles, manufactures, advertises, offers for sale and sells safety equipment for use by, among others, firefighters. MSA's products include a self-contained

breathing apparatus ("SCBA") that it calls the "FireHawk M7XT Air Mask" (the "FireHawk M7XT")

10. MSA currently offers for sale and sells the FireHawk M7XT and generates revenue and profits as a result of said sales.

11. The FireHawk M7XT consists of several components, including a shielded power cable that connects the FireHawk M7XT's control module to its power module.

12. MSA has engaged in, and continues to be engaged in, the manufacture, offer for sale and/or sale within the United States, and/or the importation into the United States, of the FireHawk M7XT, the power cable of which infringes the '610 patent, literally or under the doctrine of equivalents, by practicing one or more inventions claimed by the '610 patent.

13. On information and belief, MSA has also solicited one or more third parties to manufacture and supply the FireHawk M7XT's power cable, thereby inducing infringement of the '610 patent by said third party or parties.

14. On information and belief, MSA's infringement has occurred with knowledge of the '610 patent.

## COUNT I
## INFRINGEMENT OF THE '610 PATENT

15. iCONN re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-14 as if fully set forth here.

16. MSA has infringed and continues to infringe at least claims 1, 7 and 13 of the '610 patent through, among other activities, manufacturing, selling and/or offering to sell within the United States, the FireHawk M7XT incorporating a power cable that employs the inventions of the '610 patent within the meaning of 35 U.S.C. § 271(a).

17. MSA has indirectly infringed at least claims 1, 7 and 13 of the '610 patent under 35 U.S.C. § 271(b) by actively inducing infringement of those claims. On information and belief, MSA has induced infringement of said claims by soliciting one or more third parties to manufacture and supply the FireHawk M7XT's power cable. MSA has further induced infringement of said claims by aiding, assisting, encouraging, causing and urging others such as its partners and/or customers to offer to sell, sell or use FireHawk M7XT Air Masks incorporating the infringing power cable.

18. As a direct and proximate result of MSA's infringement, iCONN has suffered and will continue to suffer, serious irreparable injury for which iCONN is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty.

19. On information and belief, MSA's infringement has been willful, deliberate and objectively reckless in violation of 35 U.S.C. § 284. This infringement continues today despite an objectively high likelihood that MSA's actions constitute infringement of the '610 patent. This objectively high likelihood of infringement was either known to MSA, or so obvious that it should have been known to MSA and, upon information and belief, MSA has not taken necessary steps to avoid infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, iCONN respectfully requests that this Court enter judgment in its favor and against MSA and its respective subsidiaries, affiliates, assumed business entities, agents, servants, employees and all persons in active concert or participation with MSA and grant the following relief:

A. Adjudge and decree that MSA has been and is currently infringing the '610 patent;

      B.      Order MSA to provide iCONN an accounting of all gains, profits and advantages gained by MSA as a result of its infringement of the '610 patent and award damages to iCONN to compensate iCONN for each of MSA's unlawful actions set forth in iCONN's complaint;

      C.      Adjudge and decree that MSA's infringement of the '610 patent has been willful and award treble damages for such willful infringement pursuant to 35 U.S.C. § 284;

      D.      Award prejudgment interest on all damages awarded to iCONN from the date MSA's infringement of the '610 patent began;

      E.      Determine that this patent infringement case is exceptional and award iCONN its expenses, costs and attorneys' fees pursuant to 35 U.S.C. § 285;

      F.      Permanently enjoin MSA, its officers, agents, servants and

      F.      Award iCONN such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

      iCONN respectfully requests a trial by jury on all the issues triable thereby.

Dated:  July 28, 2014                              Respectfully submitted,

                                                ICONN SYSTEMS, LLC,

                                                By its attorneys,

                                                /s/ Stan C. Sneeringer
                                                Stan C. Sneeringer
                                                ssneeringer@pedersenhoupt.com
                                                PEDERSEN & HOUPT, P.C.
                                                161 North Clark Street, Suite 3100
                                                Chicago, Illinois 60601
                                                Tel: (312) 641-6888
                                                Fax: (312) 261-1238